APR - 9 2012
CLERK, ... ... DISTRICT COURT

### AFFIDAVIT IN SUPPORT OF APPLICATION FOR ISSUANCE OF CRIMINAL COMPLAINT AND ARREST WARRANT

Your affiant, Brian R. Lewis, being duly sworn and deposed, states the following:

## INTRODUCTION

1.     Your affiant is a Special Agent (S/A) for Homeland Security Investigations (HSI) within the United States Department of Homeland Security, and is currently investigating a drug trafficking organization (DTO) engaged in a conspiracy to import 4-methyl-N-ethylcathinone (4-MEC), α-Pyrrolidinopentiophenone (A-PVP), β-Keto-Methylbenzodioxolylpentanamine (Pentylone), and α-methylamino-valerophenone (Pentedrone) into the United States. Each of these substances is an analogue of a Schedule I Controlled Substance. 4-MEC is an analogue of α-methylamino-propiophenone (Methcathinone), A-PVP is an analogue of Methylenedioxypyrovalerone (MDPV), Pentylone is an analogue of 3,4-methylenedioxy-N-methylcathinone (Methylone), and Pentedrone is an analogue of 4-methylmethcathinone (Mephedrone).

2.     Your Affiant makes this affidavit in support of a criminal complaint and arrest warrant for: **Justin Steven SCROGGINS a/k/a "Woot", a/k/a "Dirk McDiggler".**

## CRIMINAL OFFENSES

3.     This request for a criminal complaint and arrest warrant is made in relation to the following offenses occurring in the Eastern District of Virginia and elsewhere:

**Conspiracy to Import an Analogue Controlled Substance, in violation of Title 21, U.S.C. §§ 963, 960, 813, and 952**

## EXPERIENCE AND TRAINING OF AFFIANT

4.     Your affiant is a Special Agent (S/A) for Homeland Security Investigations (HSI) within the United States Department of Homeland Security, and has been so employed since May 2009. Prior to being employed with HSI, your affiant was employed as both an Immigration Enforcement Agent and as a Deportation Officer for U.S. Immigration and Customs Enforcement (ICE) for approximately four years. Prior to this employment, your affiant was a Police Officer for the Defense Logistics Agency for approximately one year. Your affiant is currently assigned to the Office of the Assistant Special Agent in Charge, Norfolk, VA as a member of the Hampton Roads Border Enforcement Security Task Force (HR-BEST), a multi-agency collaborative effort designed to identify, disrupt, and dismantle organizations that engage in transnational criminal activity with a primary focus on narcotics smuggling. Your affiant has actively participated in undercover narcotics purchases, searches and seizures, surveillances, intelligence analysis, narcotics reversals, conspiracy investigations, arrests, and narcotics interdiction activities. Further, your affiant has conducted hundreds of interviews with narcotics users and dealers and has participated in multiple search warrants for controlled narcotics and their

analogues.

5.      Based on training and experience, your affiant has become familiar with methods of operation, including the importation into the United States, storage, packaging, transportation, and distribution of narcotics by narcotics traffickers. Your affiant is also familiar with the collection of proceeds from narcotics trafficking, and methods and schemes of money laundering used to conceal the nature of such proceeds. Your affiant has conducted investigations regarding the unlawful importation, possession, and distribution of controlled substances, as well as related money laundering offenses involving the proceeds of specified unlawful activities and conspiracies associated with narcotics smuggling and distribution.

6.      Your affiant makes this affidavit in support of an application for an arrest warrant for the following individual: **Justin Steven SCROGGINS a/k/a "Woot", a/k/a "Dirk McDiggler"**

## BASIS FOR FACTS CONTAINED IN AFFIDAVIT

7.      As this affidavit is being submitted only for the limited purpose of securing an arrest warrant, your affiant has not included each and every fact known to the investigative team concerning this investigation. Rather, your affiant has set forth only those facts that are believed to be necessary to establish probable cause for issuance of the aforementioned arrest warrant. The information contained in this affidavit was derived from personal observation and from conversations with other members of the investigative team who were involved in this incident.

8.      Your affiant has personally participated in the investigation of the offenses described in this affidavit. As a result of your affiant's participation in this investigation and a review of reports made to your affiant by other members of the investigative team, your affiant is familiar with the circumstances of this investigation. On the basis of this familiarity, and on the basis of the other information which your affiant has reviewed and determined to be reliable, your affiant alleges the following:

## FACTS AND CIRCUMSTANCES

9.      Since early February 2012, your affiant has been investigating a loosely affiliated organization of individuals throughout the United States, to include the Eastern District of Virginia and the Middle District of Florida that is involved in the large scale importation of synthetic drugs from laboratories in China into the United States and the subsequent nationwide distribution of these drugs. Through the course of this investigation, your affiant has identified **Justin Steven SCROGGINS (SCROGGINS), a/k/a "Woot", a/k/a "Dirk McDiggler"** as an individual involved in these activities. SCROGGINS was initially identified by a Cooperating Defendant (CD #1) in this investigation. (A records check of CD#1 shows that he/she has no felony criminal record.)

10.     Through the review of recorded telephone conversations, internet chats, and video teleconferencing sessions, your affiant has become acutely aware of SCROGGINS and his drug trafficking activities. On an almost daily basis since March 16, 2012, SCROGGINS has been observed discussing his use, importation and distribution of various controlled substances to

2

include, but not limited to: cocaine, marijuana, and various synthetic drugs covered under the Federal Analogue Act. SCROGGINS has also been observed discussing methods by which he receives payment for his drug trafficking activities, disguises his income, and launders the proceeds from his drug trafficking activities. SCROGGINS has also discussed, on several occasions, planning to launder money, for a profit, for vendors on his website euphoricknowledge.com.

11.     Each of these conversations has taken place with SCROGGINS at a computer in his apartment at 900 Broward Road, Apartment 152, Jacksonville, Florida 32218. This apartment is leased in the name of Elyse ABBOTT. SCROGGINS consistently refers to his live-in girlfriend as "Elyse." Additionally, a review of the apartment's leasing agreement shows "Justin Scroggins" as the emergency contact for Elyse ABBOTT. Your affiant has also reviewed a Stamps.com account held by CD#1 that shows CD#1 having delivering several packages during 2011 to:

Justin Scott
900 Broward Road, Apartment #152
Jacksonville, Florida 32218

CD#1 stated that he/she has always known SCROGGINS as "Justin Scott." In your affiant's training and experience, it is common for individuals in the drug trade to use aliases in an attempt to maintain a level of anonymity in their business dealings.

12.     Your affiant personally reviewed the video-recording of April 5, 2012, in which SCROGGINS, CD#1, and an individual using the Skype username "reidtang" conducted a recorded three-way videoconference using a Skype video teleconferencing service. The purpose of this teleconference was for SCROGGINS to discuss importing several synthetic drugs from reidtang's laboratory in China into the United States via CD#1 in the Eastern District of Virginia. SCROGGINS expressed his intent to send approximately $5000 US Currency via U.S. Postal Service Express Mail to CD#1 in the Eastern District of Virginia for CD#1 to conduct a transaction with reidtang on SCROGGINS' behalf. SCROGGINS ultimately stated that he wished for CD#1 to purchase on his behalf:

1 kilogram of 4-MEC
500 grams of A-PVP
250 grams of Pentylone
250 grams of Pentedrone
25 grams of d2pm
25 grams of 4-MBC
25 grams of A-PBP

> (These substances are analogues of scheduled controlled substances banned by federal law. As they are chemically similar in structure and have the same basic physiological effects as the controlled substances, these substances are banned under 21 U.S.C. Section 813, as Scheduled I controlled substances.)

On the video-recording SCROGGINS stated that intentionally wished to conduct the transaction in this fashion saying, "I don't wanna get any of that shit here because I don't wanna have any issues goin' to fuckin' jail over it." SCROGGINS also added that "I'm pretty sure they went

through one of my packages, they didn't open the packages, but they opened the documentation for it, they were reading the slips." SCROGGINS also commented about other difficulties with increasingly stringent synthetic drug bans in Florida.

13.    Also, your affiant reviewed the video-recording of the April 5, 2012 transaction and observed that CD#1 told SCROGGINS that SCROGGINS did not need to rush to send CD#1 the money to place the order with reidtang. SCROGGINS replied "of course, I do kinda wanna get you the money by tomorrow at the same time because I would like you to get it in the bank by tomorrow and have the bank wire sent out by Saturday. If you can get him (reidtang) the bank wire sent by Saturday, we know Monday or Tuesday morning, he'll have the money in China."

14.    In addition to the recorded video teleconferencing, SCROGGINS, CD#1, and reidtang were conducting a simultaneous text chat (which were preserved and reviewed by your affiant). During this text chat, SCROGGINS tells reidtang, in part, "so total of about $6000, I will send money to (CD#1) he can bankwire no issues ☺." reidtang responded "k, good." Reidtang then informed SCROGGINS that he has MXE (Methoxetamine) available for sale. SCROGGINS responded "nice as long as it is good quality. rcsupplier sent me a batch of fucking white crap. I can maybe snort 100mg, small effect, haha and it makes my throat feel scratchy. Feels like I've been snorting a razor." SRCOGGINS subsequently sent CD#1 an internet chat message with the tracking number for the currency being mailed to CD#1. The tracking number provided by SCROGGINS was "EI 250466728US."

15.    On April 6, 2012, your affiant conducted an open-source search of reidtang, and discovered that an individual who lists his Skype username as "reidtang" is the point of contact for Jiangyin Abigale Chemical Company in the Jiangsu Province of China. A cursory search of this website (www.jsabgl.com) revealed that this company sells only seventeen products, all of which are either scheduled controlled narcotics or their analogues under United States law.

16.    On the morning of April 7, 2012, your affiant, along with another member of the investigative team intercepted the package of U.S. Currency being shipped to CD#1 from SCROGGINS at the Broad Street Post Office in Portsmouth, Virginia.    The package was a letter size U.S Postal Service Express Mail envelope that bore the return address of:

MNS LLC
900 Broward Road
Apt 152
Jacksonville, FL 32218

The package was seized and opened with consent from CD#1. Inside this envelope was a sealed U.S. Postal Service Priority Mail envelope which contained a sealed white plastic envelope, which in turn contained a sealed manila envelope, which contained a sealed brown paper envelope, which finally contained $4600 U.S. Currency. The tracking number on this package was "EI 250466728US", the same tracking number provided the previous day by SCROGGINS.

## CONCLUSION

Based on the foregoing, your affiant submits that there is probable cause to believe that **Justin Steven SCROGGINS a/k/a "Woot", a/k/a "Dirk McDiggler"**, and others, some of whom are not yet known or fully identified, have committed the offense described above.

## SEALING ORDER REQUEST

As premature disclosure of these facts could allow SCROGGINS to destroy or tamper with evidence or take flight to avoid prosecution and, further, would harm the on-going investigation of others involved in this criminal conduct, your affiant requests that this affidavit for criminal complaint and all related documents be sealed until further order of this Honorable Court.

Brian R. Lewis
Special Agent
Homeland Security Investigations

Read and Approved:

Amy Cross
Special Assistant United States Attorney

Sworn and subscribed to before me
On this ___ day of April 2012

United States Magistrate Judge
Norfolk, Virginia                    /s/
Douglas E. Miller
United States Magistrate Judge